UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENTRON FINANCIAL GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-00602-JMS-DML |
| | ) |
| ADVANCED ADVISORY SERVICES, LTD., | ) |
| JUERGEN MICHAEL REINDL, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On April 15, 2015, Plaintiff filed a Complaint against Defendants, asserting that this Court has diversity jurisdiction over Plaintiff's claims. [Filing No. 2 at 2.] Based on Plaintiff's allegations, the Court cannot determine whether it has diversity jurisdiction for the reasons detailed below.

First, Plaintiff alleges that Defendant Advanced Advisory Services, Ltd. ("Advanced") "is an Indiana for-profit corporation with its principal place of business located in [Indiana]." [Filing No. 2 at 2.] Although Plaintiff has pled the citizenship of Advanced as a corporation, "Ltd." typically signifies a limited partnership business form. *See Elston Inv., Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436 (7th Cir. 1984). If that is true for Advanced, its citizenship would actually be "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l,* 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007). Assuming that Advanced is actually a limited partnership, in order to invoke this Court's diversity jurisdiction

Plaintiff must identify and provide the citizenship of each of Advanced's limited and general partners, traced down to the lowest layer.

Second, Plaintiff alleges that Defendant J. Michael Reindl is "an Indiana resident." [Filing No. 2 at 2.] An allegation of residence is inadequate to plead the citizenship of an individual. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Third, Plaintiff alleges that "the amount in controversy exceeds $75,000." [Filing No. 2 at 1.] The amount in controversy must exceed "$75,000, *exclusive of interest and costs*." 28 U.S.C. § 1332 (emphasis added). The Court recognizes that Plaintiff's breach of contract claim alleges damages it believes it incurred that exceed $75,000. For the sake of complete jurisdictional allegations, however, Plaintiff should expressly allege in its jurisdictional allegations that the requisite amount in controversy is present "exclusive of interest and costs."

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the Court **ORDERS** Plaintiff to conduct whatever investigation is necessary and file an Amended Complaint by **April 29, 2015**, properly setting forth the basis for this Court's diversity jurisdiction. Defendants need not answer or otherwise respond to Plaintiff's original Complaint.

Date: April 17, 2015

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Andrew B. Howk
HALL, RENDER, KILLIAN, HEATH & LYMAN, PC
ahowk@hallrender.com

Geoffrey B. Davis
HALL, RENDER, KILLIAN, HEATH & LYMAN, PC
gdavis@hallrender.com